

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*Garrett J. Schuman*                              *970 Broad Street, 7th floor*                    *973-645-2700*
*Assistant United States Attorney*                *Newark, New Jersey 07102*

GJS/PL AGR
2024R00197

November 20, 2024

Joshua S. Lowther, Esq.
Lowther|Walker
101 Marietta Street NW
Centennial Tower, Ste. 3650
Atlanta, GA 30303

Re:    Plea Agreement with Charles P. Kasbee, Jr.

Dear Mr. Lowther:

This letter sets forth the plea agreement between your client, Charles P. Kasbee, Jr., and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 3, 2024, if it is not accepted in writing by that date. If Kasbee does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Kasbee to a two-count Information charging Kasbee with: (1) conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349; and (2) conspiracy to violate the federal Anti-Kickback Statute, contrary to 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371. If Kasbee enters a guilty plea, is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Kasbee for, from in or around February 2019 to in or around September 2019, conspiring to commit health care fraud and to violate the federal Anti-Kickback Statute by causing to be submitted fraudulent claims for cancer genetic tests, and soliciting and receiving kickbacks for cancer genetic tests, in connection with Curative Care LLC.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Kasbee even if the applicable statute of

limitations period for those charges expires after Kasbee signs this agreement, and Kasbee agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which Kasbee agrees to plead guilty in Count 1 of the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 371 to which Kasbee agrees to plead guilty in Count 2 of the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts 1 and 2 may run consecutively to each other or to any prison sentence Kasbee is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Kasbee is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Kasbee ultimately will receive.

Further, in addition to imposing any other penalty on Kasbee, the sentencing judge as part of the sentence:

(1)     will order Kasbee to pay an assessment of $100 per count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Kasbee to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*.;

(3)     may order Kasbee, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 982; and

(5)     pursuant to 18 U.S.C. § 3583, may require Kasbee to serve a term of
        supervised release of not more than 3 years per count, which would
        begin at the expiration of any term of imprisonment imposed. Should
        Kasbee be placed on a term of supervised release and subsequently
        violate any of the conditions of supervised release before the expiration
        of its term, Kasbee may be sentenced to not more than 2 years'
        imprisonment on each count in addition to any prison term previously
        imposed, regardless of the statutory maximum term of imprisonment
        set forth above and without credit for time previously served on post-
        release supervision, and may be sentenced to an additional term of
        supervised release.

## Forfeiture

As part of Kasbee's acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), Kasbee agrees to forfeit to the United States of America all property Kasbee obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud conspiracy offenses charged in Counts 1 and 2 of the Information, and all property traceable to such property. Kasbee further agrees that the value of such property was approximately $781,200; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the gross proceeds obtained by Kasbee, in an amount not to exceed $781,200 (the "Forfeiture Amount"). Kasbee consents to the entry of an order at or around the time of the plea hearing requiring Kasbee to pay the Forfeiture Amount, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets. Kasbee further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Kasbee's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture Staff, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Kasbee waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument,

- 3 -

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Kasbee understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Kasbee of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Kasbee waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Kasbee further understands that Kasbee has no right to demand that any forfeiture of Kasbee's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Kasbee in addition to forfeiture.

Kasbee further agrees that, not later than the date Kasbee enters the guilty plea, Kasbee will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Kasbee fails to provide a complete and accurate Financial Disclosure Statement by the date Kasbee enters his plea of guilty, or if this Office determines that Kasbee has intentionally failed to disclose assets on the Financial Disclosure Statement, Kasbee agrees that that failure would constitute a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or other relief.

## Restitution

Kasbee agrees to make full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses.  The parties agree that the losses sustained by Medicare were $4,802,314.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Kasbee by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Kasbee's activities and relevant conduct with respect to this case.

Stipulations

This Office and Kasbee will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Kasbee waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Kasbee understands that, if Kasbee is not a citizen of the United States, Kasbee's guilty plea to the charged offenses will likely result in Kasbee being subject to immigration proceedings and removed from the United States by making Kasbee deportable, excludable, or inadmissible, or ending Kasbee's naturalization. Kasbee understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Kasbee wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Kasbee's removal from the United States. Kasbee understands that Kasbee is bound by this guilty plea regardless of any immigration consequences. Accordingly, Kasbee waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Kasbee also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea,

- 5 -

conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

        This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

        This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Kasbee. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

        No provision of this agreement shall preclude Kasbee from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

      This agreement constitutes the entire plea agreement between Kasbee and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                  Very truly yours,

                  VIKAS KHANNA
                  Attorney for the United States Acting
                  Under the Authority Conferred
                  By 28 U.S.C. § 515

By:    Garrett J. Schuman
       Assistant U.S. Attorney

APPROVED:

Bernard J. Cooney
Chief, Health Care Fraud Unit

- 7 -

I have received this letter from my attorney, Joshua S. Lowther, Esq., and I have read it. My attorneys and I reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:     December 13, 2024

Charles P. Kasbee, Jr.
Defendant


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:        December 13, 2024

Joshua S. Lowther, Esq.
*Counsel for Defendant Charles P. Kasbee, Jr.*

- 8 -

Plea Agreement With Charles P. Kasbee, Jr.

Schedule A

1.      This Office and Kasbee recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024 applies in this case.

Count 1:  Conspiracy to Commit Health Care Fraud

3.      The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.  Because the substantive offense for Count 1 is health care fraud, the applicable guideline is U.S.S.G. § 2B1.1.

4.      Under U.S.S.G. § 2B1.1, the base offense level is 6. U.S.S.G. § 2B1.1(a)(2).

5.      Because the offense involved losses totaling more than $3,500,000 but not more than $9,500,000, the Specific Offense Characteristic results in an increase of 18 levels. U.S.S.G. § 2B1.1(b)(1)(J).

6.      Because Kasbee was convicted of a Federal health care offense involving a Government health care program, and the loss amount associated with that offense was more than $1,000,000 but less than $7,000,000, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(7)(i).

7.      Accordingly, the total offense level applicable to Count 1 is 26.

Count 2:  Conspiracy to Violate the Federal Anti-Kickback Statute

8.      The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.  Because the substantive offense for Count 2 is the soliciting and receipt of kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

9. Under U.S.S.G. § 2B4.1, the base offense level is 8. U.S.S.G. § 2B4.1(a).

10.     Because the value of the improper benefit to be conferred was more than $550,000 but not more than $1,500,000, within the meaning of U.S.S.G. § 2B1.1(b)(1)(H), the offense level is increased by 14 levels. U.S.S.G. § 2B4.1(b)(1)(B).

11. Accordingly, the total offense level applicable to Count 2 is 22.

### Grouping of Multiple Counts

12.     The parties agree that Counts 1 and 2 are grouped together as a single group because they involve "substantially the same harm" under U.S.S.G. § 3D1.2(d). The offense level for this group is the highest offense level for the counts in the group, or 26.

13.     As of the date of this letter, Kasbee has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Kasbee's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

14.     As of the date of this letter, Kasbee has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Kasbee's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Kasbee enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Kasbee's acceptance of responsibility has continued through the date of sentencing and Kasbee therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Kasbee's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.  But each party may seek a variance from that Guidelines range, which the other party may oppose.

16.     If the term of imprisonment does not exceed 71 months, and except as specified in the next paragraph below, Kasbee will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early

- 10 -

termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 46 months this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

17.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).